```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
_____

TYRELL TAYLOR,

                      Plaintiff,            9:25-CV-0773
                                                             (ECC/PJE)
      v.

DANIELLE TOPE, et al.,

                      Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

TYRELL TAYLOR
Plaintiff, pro se
660959
STARC OAKVIEW
PO Box 300
Marcy, NY 13403

ELIZABETH C. COOMBE
United States District Judge

### DECISION AND ORDER

**I.    INTRODUCTION**

      On June 16, 2025, pro se plaintiff Tyrell Taylor ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). The complaint asserted claims related to plaintiff's confinement at STARC Oakview. *See generally* Compl.

      By Decision and Order filed on August 12, 2025 (the "August 2025 Order"), the Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 4. On the basis of that

review, the Court dismissed plaintiff's complaint for failure to state a claim. *Id.* In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint. *Id*.

Presently before the Court is plaintiff's amended complaint. Dkt. No. 5 ("Am Compl.").

## II.     SUFFICIENCY OF AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the August 2025 Order and will not be restated in this Decision and Order. *See* Dkt. No. 4 at 2-4.

### B. Summary of Amended Complaint

From July 2022 until July 2024, while plaintiff was in DOCCS' custody, plaintiff was prescribed Prednisone and Neurontin to "manage" his medical condition: Pyoderma Gangrenosum. Am. Compl. at 4. In the original complaint, plaintiff alleged he was transferred to STARC Oakview in July 2024. *See* Compl. at 4.

On October 4, 2024, plaintiff wrote to defendant Director of Risk Management Alyssa Luley ("Luley") claiming he was not receiving adequate medical treatment. Am. Compl. at 5. Luley did not respond. *Id.*

On November 28, 2024, plaintiff wrote to Executive Director Danielle Tope ("Tope") claiming he was not receiving adequate medical treatment. Am. Compl. at 5. Tope did not respond. *Id.*

On December 13, 2024, plaintiff wrote to defendant Treatment Leader Larry Cracchiolo ("Cracchiolo") complaining he was not receiving adequate medical treatment. Am.

2

Compl. at 5.  Cracchiolo did not "address" plaintiff's concerns but advised plaintiff to direct his complaints to his doctor.  *Id.*

On February 27, 2025, March 2, 2025, March 8, 2025, March 16, 2025, March 23, 2025, March 29, 2025, and April 1, 2025, plaintiff followed the facility's "mechanism for requesting medical attention."  Am. Compl. at 4.  Defendant Nurse Practitioner Amy Ferguson ("Ferguson"), who was "responsible for addressing these concerns," "did not."  *Id.*  Plaintiff's medical condition is degenerative and causes him pain.  *Id.*  Plaintiff told Ferguson that he "required Prednisone and Neurontin" to "manage his condition."  *Id.*  Ferguson's "reckless failure" to "mitigate the risk" to his condition resulted in plaintiff contracting a staph infection and ulcer on his left shin.  Am. Compl. at 4.   On April 15, 2025, Ferguson "witness[ed] this visible manifestation."  *Id*.

On April 17, 2025, plaintiff was admitted to Wynn Hospital.  Am. Compl. at 4.

On May 5, 2025, plaintiff underwent surgery on the infected area to prevent the need for amputation.  Am. Compl. at 4.  While at the hospital, plaintiff was prescribed Prednisone and Neurontin. *Id.*

For one month, Ferguson "adhered" to the treatment regimen prescribed by the hospital.  Am. Compl. at 4.  In July 2025, Ferguson discontinued the medications and plaintiff's health deteriorated.  *Id*.

Construing the amended complaint liberally[1], plaintiff alleges Fourteenth Amendment deliberate medical indifference claims.  *See generally* Am. Compl.  Plaintiff seeks monetary damages and injunctive relief.  *See id*. at 8.

---

[1] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d

### C. Analysis

The law related to personal involvement in Section 1983 claims and Fourteenth Amendment deliberate indifference claims was discussed in the August 2025 Order and will not be restated here. *See* Dkt. No. 4 at 5-7.

In the August 2025 Order, the Court dismissed the deliberate medical claims against Ferguson reasoning that the complaint did not contain facts to suggest that Ferguson acted recklessly. Dkt. No. 4. at 8.

With the amended complaint, plaintiff has sufficiently alleged a Fourteenth Amendment claim against Ferguson to require a response. This is not a ruling on the merits and the Court expresses no opinion whether these claims can survive a properly filed motion to dismiss or for summary judgment.

A different conclusion is reached however, with respect to the claims against Tope, Luley, and Cracchiolo. In the August 2025 Order, the Court dismissed the claims against these defendants holding:

> Even before *Tangreti*, receipt by a supervisory official of a letter from an inmate, without more, was insufficient to establish personal involvement in a § 1983 constitutional claim. *Jones v. Annucci*, No. 16-CV-3516, 2018 WL 910594, at *11–12 (S.D.N.Y. Feb. 14, 2018). Plaintiff states that he "wrote" to Tope, Luley, Cracchiolo, and Ferguson but he does not provide facts related to how many letters he wrote, when he wrote the letters, how or where he forwarded his correspondence. Simply stating that an official was, at some point, made aware of alleged constitutional violations, without more, is not sufficient to plausibly allege personal involvement. *See, e.g.*, *Gawlik v. Semple*, No. 20-CV-564, 2021 WL 4430601, at *13 (D. Conn. Sept. 27, 2021) ("Gawlik alleges only that those defendants were made aware of the confiscation of his religious items after the

---

Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

>   fact and failed to take action . . . [T]hose allegations are insufficient -in the aftermath of *Tangreti* - to support a claim for money damages against supervisory officials"). Moreover, the alleged failure by defendant to respond to plaintiff's letter is not enough to plausibly suggest that he was personally involved in the alleged wrongdoing. *See, e.g., Braxton v. Bruen*, No. 9:17-CV-1346 (BKS/ML), 2021 WL 4950257, at *6 (N.D.N.Y. Oct. 25, 2021).

Dkt. No. 4 at 7-8.

The Court has reviewed the amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies identified in the August 2025 Order.  As a result, the Court finds that plaintiff has not alleged facts in the amended complaint which plausibly suggests that he is entitled to relief against these defendants.  For the reasons set forth in the August 2025 Order, plaintiff's claims against Tope, Luley, and Cracchiolo are dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 5) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the claims against Tope, Luley, and Cracchiolo are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;[2] and it is further

---

[2] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend.  *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord, Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan. 30, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint

**ORDERED** that the Fourteenth Amendment claims against Ferguson survive review and require a response; and it is further

**ORDERED** that the Clerk of the Court shall terminate Tope, Luley, and Cracchiolo from the Docket Report; and it is further

**ORDERED** that, upon receipt of the documents for service, the Clerk shall issue a summons and forward it, along with copies of the amended complaint, to the United States Marshal for service upon the defendant.  The Clerk shall forward a copy of the summons and amended complaint to the Office of the Attorney General, together with a copy of this Decision and Order, by electronic mail only; and it is further

**ORDERED** that a response to the amended complaint be filed by the defendants, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

 Dated: October 16, 2025

_____
Elizabeth C. Coombe
U.S. District Judge

---

once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).